654 A.2d 1300

**370 LIMITED PARTNERSHIP**

v.

**STATE ROADS COMMISSION OF the STATE HIGHWAY ADMINISTRATION.**

No. 20, Sept. Term, 1994.

Court of Appeals of Maryland.

March 6, 1995.

R. Edwin Brown (Laurie R. Hanig, Brown and Sturm, on brief), Rex L. Sturm, Rockville, for appellant.

Omar V. Melehy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Edward S. Harris, Asst. Atty. Gen., on brief), Baltimore, Frank W. Wilson, Sp. Counsel, Poolesville, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, CHASANOW, BELL, RAKER, JJ., and JOHN F. McAULIFFE, Judge of the Court of Appeals, (retired) Specially Assigned.

JOHN F. McAULIFFE, Judge, Specially Assigned.

These parties are before the Court a second time on issues arising from "quick-take" condemnations of land. A history of the proceedings may be found in this Court's earlier decision, *State Roads Comm'n v. 370 Limited Partnership*, 325 Md. 96, 599 A.2d 449 (1991). The current controversy involves the correct method of computing the prejudgment interest to which the landowner is entitled.

## I.

On 9 October 1985, the State Roads Commission of the State Highway Administration (the State) filed two "quick-take" condemnations petitions in the Circuit Court for Montgomery County, pursuant to Sections 8–318 to 8–331 of the Transportation Article, Maryland Code (1977, 1991 Cum. Supp.). The petitions designated for taking parts of two unimproved tracts of land owned by or under contract to 370 Limited Partnership (the Partnership). From the larger tract

(the Cornelius tract) the State took 15.93 acres, and from the smaller tract (the PEPCO tract) the State took 7.62 acres. Pursuant to the provisions of § 8–323, the State deposited at the time of the initial filings $3,122,600 for the Cornelius tract and $1,495,000 for the PEPCO tract, representing the State's estimate of fair compensation for the takings. The funds were withdrawn by the Partnership soon thereafter.

On 10 October 1986, just over one year after the initial filings, the State filed formal condemnation petitions. On 6 November 1987, the State filed an "Amended Condemnation Petition" taking an additional 4.095 acres from the PEPCO tract in order to construct a bridge across the interstate highway. Concurrent with the filing of the amended petition, the State deposited an additional $4,346,400 for the benefit of the Partnership, which the Partnership withdrew.

In February of 1988, the State filed a Notice of Amendment, stating that the additional funds deposited in November of 1987 were intended to be allocated in part to each tract. The State's amendment explained that only a portion of the funds was for the additional four acres taken and that the remainder reflected the State's revised estimate of the amount necessary to provide just compensation for the total takings from both tracts.

On 30 June 1989, the circuit court determined that the property should be valued as of the trial date. The State then requested a pretrial ruling that the Partnership would not be entitled to prejudgment interest. The lower court held that it would not allow prejudgment interest because the trial date valuation gave the Partnership the benefit of appreciation in the value of the land.

The jury awarded $19,052,581 to the Partnership as just compensation for the property taken and damage to the remainder. The State noted an appeal to the Court of Special Appeals, and the Partnership cross-appealed on the issue of prejudgment interest. This Court granted certiorari before consideration of the case by the Court of Special Appeals. We upheld the ruling of the trial court concerning the valuation date, but we did not agree that the determination of a

valuation date favorable to the landowner would serve to deprive the landowner of its statutory right to prejudgment interest. We remanded the case to the circuit court for determination and award of prejudgment interest.

Upon remand, both parties submitted written proposals urging various methods of computing the prejudgment interest. The Partnership argued, among other things, that prejudgment interest should be compounded annually, and that the interim payment of $4,346,400 made by the State on 6 November 1987 should be treated as having been made on the date the award was made by the jury because the statute did not contemplate credit against interest for payments made after the initial filing, and because the State had made a tactical decision to have the subsequent taking of 4.095 acres treated as a part of the original taking.

The State argued that the deposits it made in 1985 and in 1987 should be added together, and the resultant sum deducted from the amount of the award to determine the base amount on which prejudgment interest should be calculated. Then, to allow for the fact that 14.8 percent of the land taken was not taken for the entire period, but only from 6 November 1987 to 21 December 1989, the State proposed a computation of 6 percent interest on 85.2 percent of the base amount for the entire period (October 1985 to December 1989) and on 14.8 percent on the base amount for the shorter period (November 1987 to December 1989). The State computed the prejudgment and postjudgment interest it believed to be due, and paid into court the balance then due under its computations. Judge DeLawrence Beard heard oral argument and, accepting the State's proposed method of computation, entered an order fixing prejudgment interest at $2,356,431. The Partnership appealed, and this Court again granted certiorari before consideration of the case by the Court of Special Appeals.

## II.

We conclude that neither party advocated the method of computation that should be employed in this case, and that the trial judge erred in accepting the State's computation.

■ In the absence of a showing that compounding of simple prejudgment interest is required to provide "just compensation" within the meaning of the constitutional protection, the landowner is not entitled to compound prejudgment interest. *Maryland Nat'l Bank v. Cummins,* 322 Md. 570, 599–600, 588 A.2d 1205 (1991). *See also, City of Baltimore v. Kelso Corp.,* 294 Md. 267, 449 A.2d 406 (1982); *I.W. Berman Prop. v. Porter Bros.,* 276 Md. 1, 344 A.2d 65 (1975). The Partnership did not attempt to show that the award would be constitutionally deficient if prejudgment interest was not compounded, and compound prejudgment interest was therefore properly denied.

■ The Partnership was also wrong in its assertion that the 1987 payment of $4,346,400 should be treated as having been made in 1989. The money was in fact paid to the Partnership in 1987, and the Partnership is not entitled to be compensated for the loss of use of money that it had in hand.

■ The State's proposal comes closer to being fair and appropriate, but is flawed by the State's insistence that payments made in 1985 and in 1987 be deducted from the jury award in order to establish the base amount upon which all prejudgment interest should be computed. The effect of this method of computation is to treat the 1987 payment of $4,346,-400 as having been made in 1985. That is the converse of the Partnership position, and both positions are wrong. The 1987 payment should be treated as having been made when it was made, on 6 November 1987. To accomplish this end, it is necessary to determine the amounts of money the Partnership should have received during each of two periods, and to compute prejudgment interest thereon.

The first period extends from the time of the initial taking of 23.55 acres to the time of the additional taking of 4.095 acres, i.e., from 9 October 1985 to 6 November 1987. During this period the Partnership is entitled to interest on the difference between what the State deposited in 1985 and what the jury ultimately determined it should have deposited for that taking. Both parties recognize that under the circum-

stances of this case that figure cannot be determined with exact precision, because a single award was entered for all the property taken plus consequential damages, and it cannot be known with certainty whether the jury assigned different values for the land involved in the original taking and that involved in the subsequent taking. With the benefit of considerable knowledge of the property involved gained through the testimony and exhibits presented, we are able to conclude that the percentage allocation urged by the State and accepted by the trial judge is likely to produce the fairest result. We see nothing in the record to suggest that the jury probably valued the land involved in the earlier and later takings differently, or that the two takings would have produced significantly different consequential damages. Accordingly, determining the percentage of land involved in the 1985 taking, 85.2 percent of the total land taken, and applying that percentage to the total award, produces a figure that fairly represents the value the jury assigned to the initial taking. The total award was $19,052,581, and 85.2 percent of that amount is $16,232,799. From 9 October 1985 until 6 November 1987, the Partnership received a total of $4,617,600 for that taking. Accordingly, the Partnership lost the use of $11,615,199 for a period of 758 days. Applying 6 percent to $11,615,199 for 758 days produces prejudgment interest of $1,447,286, which is appropriate prejudgment interest for the initial period.

From 6 November 1987 until the jury's award of 21 December 1989, the Partnership suffered the loss of all the property involved. During this period of time, however, the Partnership had the use of the initial deposit of $4,617,600 plus the 1987 deposit of $4,346,400, for a total of $8,964,000. Deducting this total from the award of $19,052,581 leaves $10,088,581, which represents the amount the Partnership should have had in hand from 6 November 1987 to 21 December 1989, but did not. Applying 6 percent simple interest to that figure for the period in question, 775 days, produces additional prejudgment interest of $1,285,258. Adding to that figure the interest for the initial period, $1,447,286, produces a total of $2,732,544,

which we hold to be the correct amount of prejudgment interest in this case.

This amount exceeds the lower court's determination of prejudgment interest by $376,113, an error that resulted from the incorrect method of calculation proposed by the State. We shall therefore affirm in part the judgment of the lower court and remand the case for entry of an order adding $376,113 to the previously determined prejudgment interest, for a total of $2,732,544.

*FEBRUARY 12, 1993 JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED IN PART; CASE REMANDED TO THAT COURT FOR ENTRY OF JUDGMENT IN CONFORMITY WITH THIS OPINION; COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY APPELLEE.*